**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Contractor Management Services LLC, | No. CV-25-01645-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Para Incorporated, et al., | |
| Defendants. | |

    This is a lawsuit between two "direct competitors," Contractor Management Services LLC, dba Openforce ("Openforce") and Para, Inc. dba GigSafe ("GigSafe"). (Doc. 1 ¶¶ 3, 8-9.) In broad strokes, Openforce alleges that GigSafe and its CEO, Defendant David Pickerell ("Pickerell") (together, "Defendants"), "feigned interest in a potential corporate transaction" in 2023, which resulted in the parties executing a non-disclosure agreement ("NDA") and then meeting in Arizona to exchange various categories of sensitive business information, and that GigSafe and Pickerell then "hacked into Openforce's systems, pilfered Openforce's trade secrets, and used that information to steal Openforce's customers." (*Id.* ¶¶ 1-3.) Based on those allegations, Openforce asserts claims against GigSafe and/or Pickerell for (1) misappropriation of trade secrets under federal law, (2) misappropriation of trade secrets under Arizona law, (3) tortious interference with contract, (4) tortious interference with business expectancy, (5) fraudulent misrepresentation, (6) fraudulent inducement, (7) breach of the NDA, (8) unfair competition, and (9) unjust enrichment. (*Id.* ¶¶ 47-123.) Defendants have, in turn, moved

to dismiss Openforce's claims for lack of personal jurisdiction and/or for failure to state a claim, and the motions to dismiss recently became fully briefed. (Docs. 12, 13, 15, 16, 25, 26.)

The motions to dismiss will be resolved in due course.[1] The subject of this order is Defendants' motion to stay discovery and postpone the Rule 16(b) scheduling conference pending the resolution of the motions to dismiss. (Doc. 19.) That motion also recently became fully briefed. (Docs. 29, 31.)[2] Although the issue presents a close call, the Court concludes the motion should be granted.

On the one hand, "[c]ourts have traditionally looked unfavorably upon blanket stays of discovery while Rule 12 motions are pending" and have thus required the "party seeking a stay of discovery [to carry] the heavy burden of making a strong showing why discovery should be denied." *Espinoza v. Trans Union LLC*, 2023 WL 3994846, *2 (D. Ariz. 2023) (cleaned up). On the other hand, obtaining such a stay is not impossible, and district courts often "employ a three-prong test to determine whether a stay is appropriate: 1) the pending dispositive motion must be potentially dispositive of the entire case; 2) the court must either be convinced that the dispositive motion will be granted, or the court must find that a clear possibility exists that the dispositive motion will be granted; and 3) the court must be able to resolve the dispositive motion without any additional discovery." *Cebrynski v. Wells Fargo Bank NA*, 2022 WL 2290561, *1 (D. Ariz. 2022) (cleaned up).[3] Here, it is

---

[1] With that said, one housekeeping matter related to the motions to dismiss is ripe for resolution. The parties have filed a stipulated motion to seal, which relates to a declaration that Pickerell wishes to be considered in support of his reply brief. (Doc. 27.) The basis for the sealing request is that the declaration contains references to the identity and location of Openforce's customers, which information is confidential and commercially sensitive. (*Id.*) "The parties seek only to redact the portions of the Declaration exposing the actual identities of the customers, such that the result will be a largely unredacted Declaration in the public record." (*Id.*) Given this tailored approach, the Court agrees that the sealing request is permissible under *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In the future, however, the parties must adhere to the instructions in the preliminary order related to sealing requests. (Doc. 14 at 5-6 ["Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact."].)

[2] The Court previously issued a brief stay of discovery until the stay request could become fully briefed. (Doc. 24.)

[3] In their motion papers, Defendants emphasize that courts in the District of Arizona

undisputed that the first factor is satisfied (Doc. 29 at 6), but Openforce contends the second and third factors are not satisfied.

The second factor "requires the court to take a 'preliminary peek' at the merits of the pending dispositive motion. To be entitled to a discovery stay, the moving party must show there is an immediate and clear possibility of success on its motion." *Cebrynski*, 2022 WL 2290561 at *1 (citations omitted). The Court has now taken a "preliminary peek" at the parties' motion-to-dismiss briefing, which reveals that Defendants have raised an array of carefully crafted, non-frivolous challenges to Openforce's claims and that Openforce has provided a thorough, vigorous response to those challenges. This is unsurprising, given the quality of the lawyers and the nature of the lawsuit (*i.e.*, high-stakes business litigation). The Court will confess that this backdrop makes it difficult to provide, on the basis of a preliminary peek, any definitive predictions about how the motions to dismiss will ultimately be resolved. Particularly in this type of case, the devil is usually in the details, and a preliminary peek is not an effective mechanism for mastering the details. It suffices to say that Plaintiffs' briefing is enough to establish a "clear possibility" of success for purposes of the second factor, but Openforce's detailed response shows that this possibility of success is not akin to a foregone conclusion.

As for the third factor, Openforce's response to Pickerell's motion to dismiss includes an argument as to why Openforce may be entitled to engage in jurisdictional discovery if the Court does not agree with Openforce's position as to certain disputed legal issues related to the question of personal jurisdiction. (Doc. 15 at 16-17 ["If the Court were to find that personal jurisdiction does not exist on the current record, jurisdictional discovery would be warranted."].) Thus, Openforce argues in its response to the motion for stay that the third factor is not satisfied. (Doc. 29 at 11-12.) In reply, Defendants

---

have not always considered the second factor when resolving requests for a stay of discovery pending the resolution of a motion to dismiss. Although this observation is correct, and although some courts have identified reasons for questioning the utility of the second factor, *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 WL 2302151, *2 (D. Nev. 2024), the Court will still consider it here. At any rate, Defendants correctly note that "the question is ultimately one of discretion." (Doc. 31 at 3.)

contend that "the list of jurisdictional discovery Openforce now claims it needs would get Openforce no closer to prevailing." (Doc. 31 at 7.)

The third factor supports the issuance of a stay. At most, Openforce has shown that it may be entitled to engage in jurisdictional discovery at a future stage of this case, contingent on how the Court resolves the parties' disagreements over certain legal issues related to the question of personal jurisdiction. Accordingly, there is no need to engage in full, unrestricted discovery (which would be inclusive of jurisdictional discovery) right now—the question of jurisdictional discovery can be postponed until the Court dives into the merits of the motions to dismiss.

In addition to addressing the three traditional stay factors, each side identifies additional reasons why a stay of discovery should (or should not) be granted. In the Court's view, the most compelling argument raised by Defendants is that courts should be particularly wary of allowing discovery to proceed, during the pendency of a non-frivolous and potentially case-dispositive motion to dismiss, in a case "where the parties are competitors and expect that commercially sensitive documents will be exchanged." (Doc. 19 at 11.) Other courts have agreed that this is a relevant consideration. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 WL 2302151, *3 (D. Nev. 2024) ("Furthermore, the discovery sought includes defendants' highly confidential and proprietary source code, as well as defendants' marketing plans and strategies. Defendants are competitors of plaintiffs. The Court finds that disclosure of such information while (1) a Motion to Dismiss is pending and (2) no determination has been made about whether plaintiffs have stated a claim, is unduly burdensome."). *Cf. Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, __ F.4th __, 2025 WL 2315671, *4 (9th Cir. 2025) ("[D]iscovery involving trade secrets presents a delicate problem. . . . [D]efendants [harbor] concerns about turning over trade secrets or other proprietary information in response to plaintiffs' discovery requests. . . . Discovery in a trade-secret case, then, requires an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification. The Federal Rules of Civil Procedure equip a district court to manage this delicate problem

with broad Rule 16 pretrial management . . . .") (cleaned up).  Although this consideration does not mean that a stay of discovery pending the resolution of a motion to dismiss is always warranted in business litigation between competitors, it properly serves as one piece of the puzzle.  Nor is there any merit to Openforce's contention that Defendants' competitive concerns are "phantom risks" that can be controlled through the issuance of a standard protective order.  (Doc. 29 at 1-2.)  Putting aside that the parties have not yet agreed to a protective order (and it is speculative whether they will ultimately do so), the Court's experience is that a protective order does not always fully eliminate the sort of concerns that Defendants have raised here, particularly in litigation between "direct competitors."  (Doc. 1 ¶ 3.)

On the other side of the ledger, the most superficially compelling argument raised by Openforce is that because the complaint plausibly alleges that Openforce has lost (and is losing) customers as a result of Defendants' challenged conduct, "without the discovery needed to uncover the full scope of this wrongful conduct, Openforce is hamstrung from seeking the preliminary and permanent relief needed to stop continued misuse of the confidential information in Defendants' possession and continued unfair loss of business and goodwill.  Each day that goes by is another that Defendants may improperly use Openforce's trade secrets."  (Doc. 29 at 2.)  However, as Defendants note in their reply, "[o]ther than raising the possibility of a preliminary injunction in its Complaint, Openforce has done nothing to pursue preliminary relief to mitigate its purported ongoing harm." (Doc. 31 at 11.)  Furthermore, even if the parties' early stipulation may explain why Openforce has not pursued a preliminary injunction, the Court must balance this consideration against the other considerations identified in this order—the clear possibility that Defendants may prevail on their motions to dismiss, the lack of necessity of further discovery in resolving the motions to dismiss, and the parties' status as direct competitors—that favor a stay.  On balance, and acknowledging that the issue presents a close call, the Court concludes that those considerations cut in favor of granting Defendants' request.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' motion to stay discovery and postpone Rule 16(b) scheduling conference (Doc. 19) is **granted**.

2. Discovery is stayed until 21 days after the Court's ruling on Defendants' motions to dismiss.

3. Defendants are relieved from complying with the deadline to respond to Openforce's first set of requests for production and interrogatories, served August 1, 2025, until 21 days after the Court's ruling on Defendants' motions to dismiss.

4. The parties' stipulated motion to seal (Doc. 27) is **granted**. The Clerk shall file, under seal, the document lodged at Doc. 28.

5. Within 14 days of the issuance of this order, the parties must file, on the public docket, a redacted version of the document lodged at Doc. 28.

Dated this 29th day of August, 2025.

_____
Dominic W. Lanza
United States District Judge