**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Contractor Management Services LLC, | No. CV-25-01645-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Para Incorporated, et al., | |
| Defendants. | |

The parties have jointly moved for the entry of a protective order. (Doc. 42.) The parties' proposed order differs, in a number of ways, from the Court's model protective order. Although most of the parties' proposed revisions are acceptable, two are not.

First, in ¶ 10, which specifies the process for objecting to a confidentiality designation, the parties seek to add the following language: "On such a challenge, the objecting party shall bear the burden of showing that the challenged designation is improper." (Doc. 42-1 at 8-9.) Although some courts appear to allow the parties to stipulate as to who bears the burden proof in this scenario, *see, e.g., Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, 2021 WL 4192038, *2 (E.D. Pa. 2021) (citing cases), other courts do not. *Biogen Int'l GmbH v. Mylan Pharmaceuticals, Inc.*, 2019 WL 13562242, *3 (N.D. W. Va. 2019) (declining to follow the provision in a "Stipulated Protective Order [that] placed the burden on the party challenging a confidentiality designation" because "[w]hen a party challenges the confidentiality designations of certain documents, the designating party must justify each designation by demonstrating 'good

cause' under Federal Rule of Civil Procedure 26(c), regardless of contrary provisions in a stipulated protective order") (citations omitted).  The Court finds the latter line of cases persuasive, so the proposed language will not be added.

Second, in ¶ 11, which specifies the process for determining whether a party may "be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials," the parties seek to add the following language: "On such a motion, the requesting party shall bear the burden of showing that compelling reasons justify the requested access." (Doc. 42-1 at 9.)  The Court's concern here is not with the allocation of the burden of proof, but with the standard of proof that the parties seek to adopt.  "Compelling reasons" is a term of art in this context governing whether the substantive standard for *sealing* has been met.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  That standard does not map neatly onto a dispute over whether confidential information may be shown to a particular party, and the Court is wary of uncritically adopting a stipulated standard that will only result in confusion should a future dispute arise.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for protective order (Doc. 42) is **granted in part and denied in part**.  The protective order, as modified, will separately issue.

Dated this 27th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -